UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| TAKISHA COLEY,<br><br>            Plaintiff,<br><br>       vs.<br><br>PRUITTHEALTH, INC.,<br>PRUITTHEALTH - FRANKLIN,<br>LLC, and PRUITTHEALTH -<br>AUSTELL, LLC,<br><br>            Defendants. | Case No.: 1:21-cv-04971-ELR |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Takisha Coley ("Plaintiff"), by and through her attorneys, Brown, LLC and The Orlando Firm, P.C., files this Complaint against Defendants PruittHealth, Inc., PruittHealth - Franklin, LLC, and PruittHealth - Austell, LLC, and states as follows:

## **INTRODUCTION**

1.      This is action is brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.      Defendant PruittHealth, Inc. represents that it is a "Southeast regional

1

leader in long-term health care. Since its inception in 1969 as the Toccoa Nursing Center, the PruittHealth community of services has grown to encompass more than 90 post-acute, skilled nursing and assisted living locations, as well as an array of supplementary resources, including home health care, end-of-life care, rehabilitation, veteran care and consultative pharmaceutical services. PruittHealth also offers a variety of business-to-business services." PruittHealth serves communities in Georgia, North Carolina, South Carolina and Florida.[1]

3.     Defendant PruittHealth – Franklin is one of Defendant PruittHealth Inc.'s nursing and rehabilitation centers, located in Franklin, Georgia. [2]

4.     PruittHealth – Austell, one of Defendant PruittHealth Inc.'s nursing and rehabilitation centers, is located in Austell, Georgia.[3]

5.     Count I is brought under the FLSA, and seeks relief for Defendants' failure to pay Plaintiff for all hours in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(1).

---

[1] See Defendant's website: https://www.pruitthealth.com/about. (Last Accessed November 24, 2020).

[2] See Defendant's website: https://www.pruitthealth.com/microsite/facilityid397. (Last Accessed November 24, 2020).

[3] See Defendant's website: https://www.pruitthealth.com/microsite/facilityid376. (Last Accessed November 24, 2020).

## JURISDICTION AND VENUE

6.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

7.     Additionally, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

8.     The court has personal jurisdiction over Defendants PruittHealth - Franklin, LLC, and PruittHealth - Austell, LLC, and PruittHealth, Inc. because Defendants reside in Georgia.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

10.     Plaintiff Takisha Coley is a resident of Austell, Georgia in Cobb County.

11.     Plaintiff worked for Defendants as an hourly-paid health aid from approximately December 2017 through September 2019 in Defendants' Austell, Georgia nursing rehabilitation center.

12.     Defendant PruittHealth, Inc. has a principal business address of 1626 Jeurgens Court, Norcross, GA and registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, GA, 30092.

13.     Defendant PruittHealth - Franklin, LLC has a principal business address of 360 South River Road, Franklin, GA and registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, GA, 30092.

14.     Defendant PruittHealth – Austell, LLC has a principal business address of 1700 Mulkey Road, Austell, GA, 30106 and registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, GA, 30092.

## FACTUAL ALLEGATIONS

### Defendants Violated the FLSA

15.     Defendants jointly employed Plaintiff and classified her as an hourly-paid, non-exempt employee, and did not guarantee any minimum weekly salary.

16.     Defendants maintained a common policy of prohibiting hourly-paid employees from being "clocked in" for all of their overtime hours, regardless of whether they were working during such times.

17.     As a result, Plaintiff regularly worked "off the clock," and was not paid for such work.

18.     Defendants knew that Plaintiff was working off-the-clock in excess of

forty (40) hours in a workweek, but failed to compensate her for such time.

19.     Defendants maintained a common policy of reducing hourly-paid employees' recorded hours in excess of forty (40) hours in a workweek by altering their time records.

20.     Defendants knew that Plaintiff was working these hours in excess of forty (40) hours in a workweek, but failed to compensate her for such time.

21.     As a result of Defendants' unlawful policies, in many weeks, Plaintiff performed work in excess of forty (40) hours in a workweek, and was not compensated at time-and-a-half of her regular rates of pay.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
## FAILURE TO PAY OVERTIME

22.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

28.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a

rate not less than one and one-half times the regular rate at which he is employed.

29.     29 CFR § 785.19(a) provides, in part:

Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

30.     Defendants are an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

31.     Defendants are an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

32.     Plaintiff worked many workweeks in excess of 40 hours within the last three years.

33.     In many weeks, the work Plaintiff performed before and after her scheduled shifts and/or during her meal breaks occurred in excess of forty (40)

hours in a workweek, and thus should have been compensated at time-and-a-half of her regular rate of pay, but was not.

34.     Defendants' failure to pay Plaintiff overtime wages was knowing and willful. Defendants knew that their policies resulted in Plaintiff not being paid for time spent working outside of her scheduled shift, and Defendants could have properly compensated them for such work, but did not. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

35.     Defendants' failure to pay Plaintiff overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

36.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

37.     Defendants are in possession and control of necessary documents and

information from which Plaintiff would be able to precisely calculate damages.

38.     As a result of Defendants' uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Takisha Coley requests an entry of an Order the following relief:

   a. Declaring Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

   b. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

   c. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by statute;

   d. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

   e. Awarding such other and further relief as this Court deems

appropriate.

## **<u>JURY DEMAND</u>**

Plaintiff Takisha Coley, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: November 8, 2021          RESPECTFULLY
SUBMITTED,

By:   Roger Orlando
       Roger Orlando
       The Orlando Firm, P.C.
       315 West Ponce De Leon
       Ave, Suite 400, Decatur,
       Georgia 30030
       (973) 898-0404
       roger@orlandofirm.com
       *Local Counsel for Plaintiff*

       Eric Sands (will PHV)
       BROWN, LLC
       111 Town Square Place, Suite 400
       Jersey City, NJ 07310
       T: (877) 561-0000
       F: (855) 582-5297
       eric.sands@jtblawgroup.com
       *Lead Counsel for Plaintiff*