**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TAKISHA COLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:21-CV-04971-ELR |
| | * | |
| PRUITTHEALTH, INC., et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

—————

**O R D E R**

—————

Presently before the Court is the Parties' "Joint Motion for Approval of Settlement." [Doc. 3]. By their motion, the Parties request that the Court approve their Settlement Agreement [Doc. 3-1] and dismiss this action with prejudice. [See Doc. 3 at 1]. Significantly, Plaintiff Takisha Coley's claims arise under the Fair Labor Standards Act ("FLSA"), which was enacted for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." See Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 147 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. See Brooklyn Sav. Bank v. O'Neil,

324 U.S. 697, 706 (1945).   Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA.  See id.

The Eleventh Circuit has acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees."  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982).  The first option, which is inapplicable to this case, involves actions taken by the Secretary of Labor.  See id. at 1353.  The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b).  See id.  If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment.  See id. at 1355.  In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching."  See id. at 1354. To that end, the Court notes that Plaintiff is represented by counsel in the present action.

After reviewing the Parties' instant motion [Doc. 3], the Court finds there is a bona fide dispute regarding claims arising under the FLSA and that the Parties'

Settlement Agreement represents a fair and reasonable resolution to this action. Particularly, the Court notes that the Settlement Agreement provides for the "payment of compensation to Plaintiff for all or more than all of the allegedly unpaid overtime hours Plaintiff claims to have worked for the period of Plaintiff's FLSA claim." [See Doc. 3 at 3]. Thus, the Parties state that "[t]his resolution of Plaintiff's FLSA claims is unquestionably fair and reasonable, especially given the significant risk Plaintiff faces with proving her claims and damages to an arbitrator." [See id. at 7]. Further, although Defendants deny Plaintiff's allegations of wrongdoing, the Parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute.

Additionally, the Court finds Plaintiff's counsel's legal fees to be reasonable. [See id. at 7–8]; see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) ("The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement."). The Parties indicate in their motion that Plaintiff's counsel's fees were negotiated "separately" from the amount settled upon for Plaintiff's FLSA claim, and does "not reduce, diminish or otherwise compromise the back-wages settlement payment to Plaintiff[.]" [See id. at 7].

Accordingly, the Court **GRANTS** the Parties' "Joint Motion for Approval of Settlement" [Doc. 3] and **APPROVES** the Parties' Settlement Agreement. [Doc. 3-

1].  Pursuant to the Parties' motion, the Court **DISMISSES WITH PREJUDICE**

this action.  The Court **DIRECTS** the Clerk to close this case.

      **SO ORDERED**, this 9th day of December, 2021.


Eleanor L. Ross
United States District Judge
Northern District of Georgia